UNITED STATES DISTRICT COURT
MIDDEL DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Destiny K. Reid,
and other similarly-situated individuals,

    Plaintiff, (s)

v.

Cutting Edge Pizza, Inc. d/b/a Domino's,

    Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff Destiny K. Reid and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendant Cutting Edge Pizza, Inc , and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. At all times material hereto Plaintiff Destiny K. Reid was a resident of Charlotte County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendant Cutting Edge Pizza, Inc. d/b/a Domino's (hereinafter Domino's or Defendant) is a Florida corporation, having its main place of business in Charlotte County, Florida, where Plaintiff worked for Defendant, and at all times material hereto Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint took place in Charlotte County, Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff Destiny K. Reid brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, on behalf of herself and other similarly situated employees of Defendant.

6. Defendant Cutting Edge Pizza, Inc. (Domino's) is a retail business operating a chain of pizza restaurants under the common name of "Domino's". Plaintiff worked at Domino's located at 2150-A Tamiami Trail, Port Charlotte, FL 33948.

7. Defendant Domino's employed Plaintiff Destiny K. Reid from on or about August 11, 2022, through March 6, 2023 or 30 weeks.

8. Plaintiff Destiny K. Reid was fired on or about March 6, 2023, due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with U.S Equal Employment Opportunity Commission (EEOC).

9. During the relevant period of employment, Plaintiff worked for Domino's at two different positions, at two different rates, within the same workweek. Both positions were non-exempted in nature, meaning that Plaintiff was entitled to be paid for overtime hours at the rate of time and a half her regular rate for every hour that she worked in excess of 40 in a workweek, regardless her duties or position.

10. Plaintiff performed as a delivery driver and was paid $7.98 per hour plus $0.40 per mile, plus tips. Therefore, Plaintiff average rate as a delivery driver was $12.23 per hour.

11. Plaintiff also performed as a restaurant employee, and she was paid at the wage rate of $11.00 an hour.

12. Plaintiff worked within the same week as a delivery driver and restaurant employee.

13. Plaintiff had a schedule of worked 5 days per week from noon to 8 pm but instead she worked from noon to 10 pm. Therefore, Plaintiff worked approximately 50 hours weekly. However, she was only paid for 40 hours or less.

14. Plaintiff was not paid for overtime hours she worked.

15. Plaintiff was paid bi-weekly with one check for both positions biweekly; and was paid in cash for the daily miles driven every night.

16. Plaintiff was only able to clock in, but Manager Bret Stuart was in charge of clocking her out.

17. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

18. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

19. Therefore, Defendants failed to pay Plaintiff for overtime hours as required by the Fair Labor and Standards Act, FLSA.

20. Plaintiff was not in agreement with the number of hours worked, the wages received, the lack of overtime compensation.

21. On or about March 6, 2023, Plaintiff was fired due to discriminatory reasons.

22. Plaintiff seeks to recover overtime hours, liquidated damages, as well as any other relief as allowable by law.

23. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME, AGAINST DEFENDANT

24. Plaintiff Destiny K. Reid re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

25. This action is brought by Plaintiff Destiny K. Reid and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees…

for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant Domino's was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a Freight Forwarder and logistics provider for import and export companies and, through its business activity, affects interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Defendant employs more than two employees directly engaged in interstate commerce. Upon information and belief, the annual gross revenue of the

Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff worked as a delivery driver and restaurant employee, and through her daily activities Plaintiff regularly, was engaged in activities which are closely related and directly essential to providing services in the interstate commerce. Therefore, there is FLSA individual coverage.

28. Defendant Domino's employed Plaintiff Destiny K. Reid from on or about August 11, 2022, through March 6, 2023, or 30 weeks.

29. During the relevant period of employment, Plaintiff worked for Domino's at two different positions, at two different rates, within the same workweek. Both positions were non-exempted in nature, meaning that Plaintiff was entitled to be paid for overtime hours at the rate of time and a half her regular rate for every hour that she worked in excess of 40 in a workweek, regardless her duties or position.

30. Plaintiff performed as a delivery driver and was paid $7.98 per hour plus $0.40 per mile, plus tips. Therefore, Plaintiff average rate as a delivery driver was $12.23 per hour.

31. Plaintiff also performed as a restaurant employee, and she was paid at the wage rate of $11.00 an hour.

32. Plaintiff worked within the same week as a delivery driver and restaurant employee.

33. Plaintiff had a schedule of worked 5 days per week from noon to 8 pm but instead she worked from noon to 10 pm. Therefore, Plaintiff worked approximately 50 hours weekly. However, she was only paid for 40 hours or less.

34. Plaintiff was not paid for overtime hours she worked.

35. Plaintiff was paid bi-weekly with one check for both positions biweekly; and was paid in cash for the daily miles driven every night.

36. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

37. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Therefore, Defendants failed to pay Plaintiff for overtime hours as required by the Fair Labor and Standards Act, FLSA.

39. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Plaintiff's damages are preliminary, calculated based on Plaintiff's best recollections. Plaintiff reserves the right to modify her calculations after discovery. Plaintiff is not able to accurately calculate her hours week by week until such time as when they receive discovery from Defendants.

*Calculation of the regular rate for the period in which Plaintiff worked 2 different jobs at 2 different rates have been made using the "weighted average method" found in 29 C.F.R.778.115.

  a. <u>Total amount of alleged unpaid wages</u>:

  Five Thousand Two Hundred Twenty-Nine Dollars and 00/00 ($5,229.00)

  b. <u>Calculation of such wages</u>:

  Relevant weeks of employment: 30 weeks
  Regular rate as delivery driver: $12.23 an hour
  Regular rate as restaurant employee: $11.00 an hour
  Weighted average rate: $12.23 + $11.00=$23.23:2=$11.62
  Weighted rate: $11.62
  Overtime rate: $17.43
  Approximately hours worked weekly: 50 hours
  OT hours worked: 10 OT hours.

  10 OT hours worked x $17.43 OT rate = $174.34 x 30 weeks =

$5,229.00

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid overtime.

40. At all times material hereto, the Employer/Defendant Dominos', failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

41. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

42. Defendant Dominos' knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's

employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

43. Defendant Domino's willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Destiny K. Reid and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly-situated and against the Defendant Dominos' on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: March 31, 2023

                                       Respectfully submitted,

                                       By: **/s/ Zandro E. Palma**
                                       ZANDRO E. PALMA, P.A.
                                       Florida Bar No.: 0024031
                                       9100 S. Dadeland Blvd.
                                       Suite 1500
                                       Miami, FL 33156
                                       Telephone:   (305) 446-1500
                                       Facsimile:    (305) 446-1502
                                       zep@thepalmalawgroup.com
                                       *Attorney for Plaintiff*